HARLOW B. WALTER *v.* DANIEL B. DENISON.

*Executions against towns. Authorized Officer.*

The authority issuing a writ of execution, may authorize some one specially to serve the same, when it is against a town.

A demand made upon the very person who is treasurer of the town, though not made upon him as treasurer, but as an officer of the town, (if made twelve days before the levy of the execution,) for payment of the execution, is sufficient.

TRESPASS for two cows. Plea, general issue, and notice that defendant would justify the taking of said cows under legal process, as an authorized officer. Trial by jury, January term of the county court, 1852,— POLAND, J., presiding.

On trial, plaintiff proved, that defendant took, drove away, and sold the cows sued for, and that the same were the plaintiff's property, and no question was made by defendant, as to the sufficiency of the proof of the plaintiff, as to the taking by defendant, or of the plaintiff's title to the cows.

The defendant then offered, in evidence, a copy of the record of a judgment recovered by A. H. Bartlett, against the town of East Haven, before Samuel Densmore, justice of the peace, on the 14th day of August, A. D. 1849, and also an execution upon the same judgment, dated the same 14th day of August, and the defendant's

return thereon, and also an authorization of the defendant to serve said execution on the back of the same.

The plaintiff objected to the admission of said papers in evidence, for defects in the authorization thereof, and also, because he claimed the defendant could not be legally authorized to serve an execution against a town.

The court overruled said objections, and admitted said papers in evidence. To which decision plaintiff excepted.

It was admitted, that the two cows mentioned in defendant's return on said execution, are the same sued for, and that the taking of the same by defendant was a taking upon said execution; also, that plaintiff was an inhabitant of said East Haven, and a tax payer in said town. The plaintiff then introduced evidence tending to prove, that at the time defendant held said execution for collection, he called on Merrit H. Walter, who was treasurer of said town of East Haven, and one of the selectmen of said town, and also upon Mr. Lund, who was likewise one of the selectmen of said town, for the payment of said execution, and asked them what they were going to do about the same, and that said Walter replied, they, as selectmen, should not do anything about it; that defendant then said that he should have to collect it, and Walter replied, that he would have it inch by inch. That when the defendant applied to said Walter and Lund, as aforesaid, he spoke to them, as selectmen, and that no other demand was ever made on said Walter to pay said execution, than as above stated. The defendant objected to this evidence, but the same was admitted by the court.

The court instructed the jury, that defendant's return was sufficient *prima facie* evidence in his favor, that he called on the treasurer for the payment of said execution, before he levied on the plaintiff's property, but that his return was not conclusive, and might be contradicted by other evidence. That if said Walter was treasurer of the town, and defendant called on him as an officer of the town, to pay said execution for the town, such demand was sufficient to authorize the defendant to levy said execution on plaintiff's property, if the same was not paid in twelve days after such demand, although the defendant did not especially state to him, that he demanded it of him, as treasurer, but as one of the selectmen. The jury returned a verdict for the defendant.

Walter *v.* Denison.

The plaintiff excepted to so much of the charge of the court as is above stated.

*George C. Cahoon* for plaintiff.

The statute does not contemplate, that an authorization should be made in a case where a town or a county are a party, for fear that such process would fail of service. That such could be the fact, is an absurdity upon its face, and if such an event could not in reality take place, as a failure of the service of process, by reason of the perpetuity of the corporation, then it should be left to the proper officers of the law to serve it. The town would always be found, and have sufficient funds on which levy might be made, and a certificate of the magistrate, that for want of a proper officer, &c., would be false on its face, and apparent to every one that it was so; therefore, it should not be regarded by courts otherwise than false, and if so viewed, it must here end the case.

The next proposition is, that if said authorized person is to be viewed as an officer, the case does not find that he has complied with the requirements of the statute, (Comp. Stat. 473, § 6,) in making demand on the treasurer, without which the levy would be void, and defendant a trespasser.

*Bartlett, Bingham* and *Roberts* for defendant.

1. The authorization of an officer, is a power delegated specifically to the discretion and determination of the justice, and from his decision there is no appeal.

2. This matter is *res adjudicata*, and having been once judicially passed upon by the magistrate, it cannot afterwards be disturbed. *Kellogg, ex parte,* 6 Vt. 509. *Kelley* v. *Paris,* 10 Vt. 261. *Ross.* v. *Fuller et al.,* 12 Vt. 265.

3. There is no error in the charge. It is settled law, that when an officer keeps within the authority given him by virtue of his office, his official return is *prima facie* evidence in his favor of the correctness of the return. *Stanton* v. *Hodges,* 6 Vt. 64. *Hathway* v. *Goodrich,* 5 Vt. 65. *Barrett* v. *Copeland,* 18 Vt. 67.

The said Walter was treasurer of the town, and the defendant called upon him as an officer of said town, to pay the execution for said town; he refused, and this was a sufficient demand, if made twelve days before the levy of the execution. It is made

XXIV. 36

the duty of an officer, having an execution against an individual, to repair to the dwelling house of the debtor before levying the execution; yet if the debtor is not at home, a demand at his dwelling house is sufficient. 3 Vt. 394. 4 Vt. 191.

BY THE COURT. We see no good reason why the authority issuing a writ of execution, may not authorize some one specially to serve the same, when it is against a town, as if it were against a natural person. It is well settled, that in regard to justice process, there is no difference in this respect between *mesne* and final process, and the statute certainly makes no difference between towns and other debtors ; and we could not feel justified in making any such distinction. If one had been intended, we entertain no doubt it would have been indicated in the statute. The authorization seems originally to have been perfect, and may be spelled out now, although the paper is somewhat worn.

We think the demand made upon the very person who was treasurer, and his utter refusal, although, as he said, in a peculiar sense, is sufficient.

We are inclined to think, that the omission of the officer to make demand in a case like the present, would not subject him to an action of trespass, but only to such damages as the town might sustain, to be recovered in an action on the case, as has often been held, in regard to other debtors. Judgment affirmed.